**EEOC**

v.

**ROCKWELL INTERNATIONAL CORP., et al.**

No. 95–C–3824.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 25, 1999.

Jean Powers Kamp, Gordon G. Waldron, Mary B. Manzo, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, Diane Ilene Smason, Equal Employment Opportunity Commission, Chicago, IL, for U.S. Equal Employment Opportunity Commission, plaintiff.

Michael B. Erp, Martha Aileen Garcia, Jane T. Bohman, Brendan P. Max, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Keith Braddy, intervenor plaintiff.

Stanley Eisenstein, Michael B. Erp, Martha Aileen Garcia, Jane T. Bohman, Brendan P. Max, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Douglas Davis, Walter Grimes, Danny Howell, Larry Mann, Boyd Meskill, Jeffery Moore, Michael Roper, Jason Struckhoff, Raymond Stull, intervenor plaintiffs.

Richard H. Schnadig, Nina G. Stillman, James Edwin Bayles, Jr., Thomas William Snyder, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Valerie Depies Harper, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, for Rockwell International Corporation, defendant.

Marsha Ann Tolchin, Ungaretti & Harris, Chicago, IL, Thomas H. Williams, Jaffe, Raitt, Heuer & Weiss, Detroit, MI, Michael E. Coffield & Associates, Chicago, IL, for Cambridge Industries Inc., defendant.

Gail E. Mrozowski, Cornfield & Feldman, Chicago, IL, for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, defendant.

Barbara J. Hillman, Gail E. Mrozowski, Cornfield & Feldman, Chicago, IL, for Local 1766 United Automobile, Aerospace and Agricultural Implement Workers of America, defendant.

## ORDER

GETTLEMAN, District Judge.

Plaintiff United States Equal Employment Opportunity Commission has sued defendants Rockwell International Corporation ("Rockwell"), Cambridge Industries, Inc. ("Cambridge") and International Union United Automobile, Aerospace and Agricultural Implement Workers, under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and Title I of the Civil Rights Act of 1991, arising out of Rockwell's use of an abnormal result on a nerve conduction test to refuse to hire applicants at Rockwell's Centralia, Illinois facility. Rockwell sold the Centralia facility to defendant Cambridge on August 1, 1994. Plaintiff has moved for partial summary judgment seeking a determination that Cambridge is Rockwell's successor in interest and can be held liable for Rockwell's alleged violations.

■ Although the Seventh Circuit has not expressly adopted the doctrine of successor liability in ADA cases, it has done so in cases arising under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e (Title VII). *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740 (7th Cir.1985) (Section 1981); *Wheeler v. Snyder Buick, Inc.,* 794

F.2d 1228 (7th Cir.1986) (Title VII). Because the ADA incorporates the powers, remedies and procedures of Title VII, 42 U.S.C. § 12117, the court concludes that successor liability is available under the ADA. Whether plaintiff can succeed in its successor liability claim against Cambridge depends on whether: 1) Cambridge had prior notice of the claim against Rockwell; 2) Rockwell is able, or was able prior to the purchase, to provide the relief requested; and 3) a sufficient continuity in the business operations of the predecessor and successor exist. *Wheeler,* 794 F.2d at 1236. The first two factors are the most critical, because it would be grossly unfair, except in the most exceptional circumstances, to impose successor liability on an innocent purchaser when the predecessor is fully capable of providing relief. *Id.* (citing *Musikiwamba* ).

■ In the instant case, it is undisputed that Cambridge had prior notice of the claim and that there is sufficient continuity in the business operations. Cambridge argues, however, that it is not needed as a defendant because Rockwell can provide complete relief to plaintiffs. It is undisputed that Rockwell can provide complete monetary relief. Plaintiff requests more than monetary relief, however; it also seeks hiring and retroactive seniority. Cambridge suggests that Rockwell can provide this relief at its other plants. Plaintiff correctly counters, however, that there is no evidence that Rockwell has another plant in the Southern Illinois area, and the court agrees that a prevailing party in an employment discrimination case should not have to relocate to receive the employment to which he/she was originally entitled, especially when the plant to which he/she had originally applied remains in operation. *See N.L.R.B. v. Madison Courier, Inc.,* 472 F.2d 1307, 1314, 1319 (D.C.Cir.1972) (Striking workers not required to seek work in areas located over 50 miles from their homes in order to mitigate damages).

Finally, Cambridge argues that successor liability should not be allowed in the instant case because plaintiff seeks both compensatory and punitive damages. The court need not reach this issue, however, because it is undisputed that Rockwell has the ability to

**1058**

pay all compensatory and punitive damages and has indemnified Cambridge against any monetary damage award.

Accordingly, the court grants plaintiff's motion for partial summary judgment and concludes that defendant Cambridge is defendant Rockwell's successor.